U.S DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Garcia Briceno, Danny Jose

VS

U. S Immigration And Customs Enforcement          A #232428853
Batavia Field Office

*WRIT OF HABEAS Pursuant to 28 U.S.C. 2241 and 28 U.S.C.2243*

Now Comes Mr. Garcia Briceno pro-se as *Petitioner,* Garcia Briceno, Danny Jose petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondents. Petitioner submits this Memorandum of law in Support of the Petition for a Writ of Habeas Corpus.

As the Supreme Court held in Zadvydas v. Davis, 533 U.S. 678 (2001), noncitizens cannot be detained indefinitely if the government is unable to carry out their removal. Instead, detention after a final order of removal is authorized only when removal is reasonably foreseeable. As a guide to courts, the Court in Zadvydas established a presumption that detention after a final order of removal was permissible for six months. Detention after a final order may be unlawful even when six months have not passed, particularly if it is clear that the United States will not be able to effect a noncitizen's removal. But after that six-month period, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." And the longer a noncitizen has been detained, the stronger the government's showing must be.

Petitioner is entitled to release under the framework of Zadvydas unless the government promptly demonstrates that there is a significant likelihood of removal in the reasonably foreseeable future.

Petition for a Writ of Habeas Corpus, Post Order Custody Review a written Request to be Release on the Order of Supervision. There is no Significant likelihood of removal in the reasonably foreseeable future where a foreign country delay in issuing travel documents is so extraordinarily long that the delay itself warrants an inference that the documents will likely never issue, also there is no Significant likelihood of removal in the reasonably foreseeable future where the detainee country of origin refuses to issue travel documents. The Due Process Clause applies to all persons in the United States whether their presence here is lawful, temporary, or permanent. We the people of the United States, in order to form a more, perfect union, establish justice, insure domestic tranquility, provide for the common defense, promote the general welfare,and secure the blessings of liberty to ourselves and prosperity, do ordain and establish this constitution for the estates of America.

Pursuant to C.F.R. 241.4(e):

- Travel documents for the alien are not available or, in the opinion of the Service, immediate removal, while proper, is otherwise not practiable or not in the public interest;
- The detainee is presently a non-violent person;
- The detainee is likely to remain non-violent if released;
- The detainee is not likely to pose a threat to the community following release;
- The detainee is not likely to violate the conditions of release; and
- The detainee does not pose a significant flight risk if released.

### *In accordance to C.F.R. 241.4(e):*

- Travel documents for Mr. Garcia Briceno are not available or, in the opinion of the Service, immediate removal, while proper, is otherwise not practicable or not in the public interest; therefore there is no significant likelihood of removal in the foreseeable future Mr. Garcia Briceno has been detain, for more than 180 days [six months]; based upon no available Travel Document, Therefore ICE has no significant likelihood that Mr. Garcia Briceno will be removed in the reasonably foreseeable future, removal of Mr. Garcia Briceno is no longer reasonably foreseeable after six months, Therefore continued detention is no longer authorized, furthermore prolonged civil detention indefinitely violates Mr. Garcia Briceno right to the due process clause. The due process clause of the fifth amendment forbids the government from depriving any "person" of liberty "without due process of laws U.S. CONST. Amend v. freedom from imprisonment from government custody, dentention or other forms of physical estraint-lies at the heart of liberty" that the due process clause protects. There is no Significant likelihood of removal and ICE is not likely to remove Mr.Garcia Briceno in the near future.

- The detainee is presently a non-violent person; Mr. Garcia Briceno doesn't produce a violent

 history there is no violent convictions on Mr. Garcia Briceno criminal history.

(3) Mr. Garcia Briceno is likely to remain non-violent if released;

(4) Mr. Garcia Briceno is not likely to pose a threat to the community following release;

   Mr. Garcia Briceno is a hard construction working individual. Mr. Garcia Briceno is suitable for release. Mr. Garcia Briceno will be residing of [address 1458 Webster AV- Bx NY 10456] with his family and will sufficiently be a part of the community. Mr. Garcia Briceno doesn't pose a danger to the community nor is he a flight risk and he will not pose a threat to national security.

(5) Mr. Garcia Briceno is not likely to violate the conditions of release; Mr. Garcia Briceno will show up to all hearings as required, as well as comply with all restrictions and conditions of release.

- Mr. Garcia Briceno does not pose a significant flight risk if released. Mr.Garcia Briceno has no history of escape, Mr Garcia Briceno will appeared at all court appearances, as well as report on a regular basis to a designated law enforcement agency as required.

Petitioner respectfully requests that this Honorable court use its authority under 28 U.S.C 2243 to order the Respondents to file a return within three days, unless they can show good cause for additional time. See 28 U.S.C. 2243 (stating that an order to show cause why a petition for a writ of habeas corpus should be denied is returnable "within three days unless for good cause additional time, not exceeding twenty days, is allowed").

In order to permit full judicial review of the claims herein and requested relief, Petitioner respectfully requests that the Court order Respondents not to transfer Petitioner outside the jurisdiction of this Court pending consideration of this Petition.

## STATEMENT OF FACTS

Petitioner See. [Attechment]

Petitioner's indefinitely detention violates the detention statute and is unconstitutional. Petitioner indefinite continued detention is unlawful, and Petitioner is unlikely to be removed in the reasonably foreseeable future. Therefore, Petitioner's detention violates the statute and he is entitled to immediate release.

## ARGUMENT

This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA") 101-507, 8 U.S.C. 1101-1537, amended by the illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-1570.

This Court has jurisdiction under 28 U.S.C.S. 2241, the Suspension Clause, U.S. Const. Art. I~9, cl. 2, and 28 U.S.C.S. 1331, as Petitioner is presently in custody in under color of the United States, and Petitioner's custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas, 566 U.S. 678. This Court may grant relief under 28 U.S.C.S. 2241 (habeas corpus), 5 U.S.C.S. 702 (establishing the right of review for a person suffering a legal wrong due to agency action), and 28 U.S.C.S. 1651 (All Writs Act).

The Due Process clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or Zadvydas 533 U.S. at 693. In Zadvydas, the Supreme Court emphasized, "[f]reedom from imprisonment-from government custody, detention, or other forms of physical lies at the heart of the liberty that [the Due Process] Clause protects." 533 U.S. at 690 (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)). The Court noted. "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." Id.; see also Plyer v. Doe, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth

and Fourteenth Amendments.").

Under 8 U.S.C. 1231(a)(2), noncitizens subject to final orders of removal "shall" be detained during the first 90 days-the "removal period"-and they "shall" be removed during that period under 1231(a)(1). Under 8 U.S.C. 1231(a)(6), the government "may" continue detention beyond the 90-day removal period if a noncitizen falls within certain broad categories of removability or is determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. 1231(a)(6).

In Zadvydas, the Supreme Court construed 8 U.S.C. 1231(a)(6) to authorize detention only where it is significantly likely that removal will occur in the reasonably foreseeable future, in order to avoid the serious due process concerns that would be presented by permitting detention for an indefinite period of time. Zadvydas, 533 U.S. 678. After a noncitizen meets his or her initial burden to show that no such likelihood of removal exists, the burden shifts to the Government to "respond with evidence sufficient to rebut [the alien's] showing." Id. at 701.

Court have rejected conclusory claims by ICE agents which claim, without submitting concrete factual information about scheduled flights or repatriation agreements, that removal is imminent. "[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is not significantly likely in the reasonably foreseeable future." Balza v. Barr, No. 6:20-CV-00866, 2020 WL 6143643, at *5 (W.D. La. Sept. 17, 2020) (internal quotation marks and citation omitted). "[I]f [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, [a] Court certainly cannot conclude that [a] removal is likely to occur-or even that it might occur-in the reasonably foreseeable future." Id. at *5 (internal quotation marks and citation omitted). See also, Gomez Barco v. Witte, No. 6:20-CV-00497, 2020 WL 7393786 (W.D. La. Dec. 16, 2020) (ordering release of a petitioner who was detained longer than six months because ICE had not been able to secure necessary travel documents, noting that the ICE officer "clearly has no factual basis for his 'belief' that there is no foreseeable impediment to Petitioner's removal or that her removal is imminent," and that there was no foundation for the "expectation" that the COVID-19 related travel restrictions in place would soon be lifted); Balza v. Barr, No. 6:20-CV-00866, 2020 WL 6064881 (W.D. La. Oct. 14, 2020) (same). In granting Ms. Blaza's release, the court considered and rejected a conclusory declaration by a ice assistant field officer that removal was imminent id. at *5. in Alexis v. smith the petitioner Mr. Alexis had been in detention for almost a year and subject to a removal order for over a year. An ice official testified to an informal agreement that permitted removals but acknowledged that there were far fewer removals to Haiti in the aftermath of the 2010 hurricane. The Haitian government had an issue with identity documents and it was unknown when that would be resolved. The magistrate did not credit ICE's vague statements that it was "endeavoring to rectify the issue" and conclude there was no end in sight for detention, and recommended release. The district court judge agreed and ordered release. ICE the release Alexis on an order of supervised release and moved to get the judgment vacated on mootness, witch it was. However, this does not invalidate the reasoning and conclusion of the magistrate judge and district court judge on this subject, and this case is still informative and persuasive to the body of law on this subject. Alexis v. Smith no CIV .A. 11-0309, 2011 WL 3924247 (W.D. La. Aug. 3, 2011) report and recommendation adopted, No. CIV .A. 11-0309, 2011 WL 3954945 ( W.D. LA. Sept. 6,

2011) vacated, No. CV 11-0309, 2011 WL 13386020 ( W.D. La. Sept. 15, 2011 ).

Courts in this District have – pursuant to Zadvydas – released individuals who have been detained for over six months. See, e.g Gomez Braco, 2020 WL 7393786 (ordering release of an immigrant detainee who was a native and citizen of Venezuela who was detained longer than six months because ICE had not been able to secure necessary travel documents) ; Blaza, 2020 WL 6143643, at *5 ( ordering release of petitioner and noting that "[a]fter more than a year of detention, petitioner's removal need not necessarily be imminent but it cannot be speculative") (internal quotation marks omitted)

Under Zadvydas, courts have found that there is no significant likelihood of removal and granted relief where:

- No country will accept the petitioner. See, e.g., Jabir v. Ashcroft, No. 03-2480, 2004 WL 60318 (E.D. La. Jan. 8, 2004) (granting habeas relief to petitioner detained for more than fourteen months after numerous countries refused to repatriated the petitioner).
- The petitioner's country of origin refuses to issue travel document. See, e.g., Alexis v. Smith, No. 11-0309, 2011 WL 3924247 (W.D. La aug. 3, 2011) ( granting habeas relief to petitioner detained for approximately one year due to the Haitian government rejecting the quality of identity documents provided) Fermine v. Dir. Of Immigr. & Customs Enf't, No. 2:06-cv-1578, 2007 WL 2284606 (W.D. La. May 23, 2007) ( granting habeas relief to petitioner detained for fifteen months due to Trinidad's refusal to issue travel documents); Lijadu v. Gonzales, No. 06-1208, 2006 WL 3933850 (W.D. La. Dec. 18, 2006) ( granting habeas relief to petitioner detained nineteen months because Nigeria refused to issue travel documents due to petitioner's HIV status).
- There is no removal agreement between the united states and a county. In these scenarios, courts have found that the lack of a formal agreement regarding repatriation, lack of diplomatic relationship, and lack of a functioning government support a finding that there is no significant likelihood of removal. See, e.g., Neguss v. Gonzales, No. 06-1382, 2007 WL 708615 (W.D. La. Mar. 1, 2007) (granting habeas relief to petitioner detained for approximately one year because the United states did not have a Repatriation agreement with Ethiopia and Ethiopia would not issue travel documents because one of petitioner's parents was not Ethiopian).
- There is either no response from a country designated for removal or a significant delay in receiving a response. See, e.g., Gonzalez-rondon v. Gillis, 5:19-cv-109- DCB-MTP, 2020 WL 3428983 (S.D. Miss. June 23, 2020) (granting habeas relief to petitioner detained thirteen months where there was no response from Venezuelan official's).
- ICE fails to take action to secure travel documents for a prolonged period. See, e.g., senor, 401 F. Supp. 3d at 430-31 ( granting habeas relief after ICE initially requested travel documents but where " there [wa]s no indication from the record that anyone ha[d] taken any further action in the eight months since that time... to facilitate senor's receipt of the necessary travel documents).

As the length of detention grows, the period of time that would be considered the "reasonably foreseeable future" shrinks. See, e.g., Zadvydas, 533 U.S at 701 (stating that as the length of time

in detention grows "what counts at the 'reasonable foreseeable future' conversely would have to shrink") Senor, 401 F. Supp. 3d at 430 ("'[T]he passage of time combined with' the 'government [being] no closer to … repatriating [a detainee] than they were once they first took him into custody' [is] sufficient to meet that 'initial burden.'") Lawrikow, 2009 WL 2905549, at *12.

Petitioner's continued detention is unlawful, and Petitioner is unlikely to be removed in the reasonably foreseeable future. Therefore, Petitioner's detention violates the statute and he is entitled to immediate release.

Petitioner's detention also violates the Due Process Clause. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. Amend. V. "Freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty" that the Due Process Clause protects. Zadvydas, 533 U.S. at 690 ( citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)). Civil immigration detention violates due process if it is not reasonably related to its statutory purpose. See id. (citing Jackson v. Indiana, 406 U.S. 715, 738 (1972)). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention: to mitigate the risk of flight and prevent danger to the community. Id. Petitioner's prolonged civil detention, which has lasted well beyond the end of the removal period, and which is likely to continue indefinitely, is no longer reasonable related to the primary statutory purpose of ensuring imminent removal. Thus, Petitioner's detention violates Petitioner's right to due process.

## CONCLUSION

In Conclusion, Petitioner's indefinitely detention violates the detention statute and is unconstitutional. Petitioner respectfully requests that this Court order the Respondents to show cause why the writ should not be granted "within three days unless for good cause additional time, not exceeding twenty days, is allowed," and set a hearing on this Petition within five days of the return, pursuant to 28 U.S.C.S. 2243 and grant the Writ of Habeas Corpus ordering Respondents to immediately release Petitioner from their custody.

RESPECTFULLY SUBMITTED,
Garcia Briceno, Danny Jose

_____
SIGNATURE:

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Grant release under 28 U.S.C.S. 2241 from indefinite detention;

(c) Grant any other further relief that this Honorable Court deems just and appropriate.

# CERTIFICATE OF SERVICE

I, Garcia Brieeño Danny Jose A#232-428-853, herby depose and say, that on Novenber 18, 2024,. I enclosed inside a United States Postal service Box/ Envelope, sent a true and certified copy of Motion for Habeas Corpus . Statement Pursuant to 28 U.S.C & 1746, i Declare, under the penalty of Perjury under the laws of the United States of America, and handed the following documents to the authority of Buffalo Federal detention Facility (BFDF) staff for mail and delivery. The foregoing is true and correct to the other party.

Located at the following address:

U.S. Courthouse
100 State Street
Rochchester, New York 14614


Respectfully Submitted,

_____
Garcia Brieeño Danny Jose A#232-428-853
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

Sworn to before me this  18

day of  Nov  ,20 24 .

_____
Notary Public

KAYCEE LEIGH EVANS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01EV6413806
Qualified in Genesee County
Commission Expires February 01, 2025